# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Case No. 06-Cr-102

STELIO KALKOUNOS,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE CHARLES N. CLEVERT

## NATURE OF CASE

On May 2, 2006, a federal grand jury sitting in this district returned a one-count indictment against defendant Stelio Kalkounos. The defendant is charged with traveling in interstate commerce from Illinois to Milwaukee, Wisconsin, for the purpose of engaging in any sexual act, as defined in 18 U.S.C. § 2246(2), with a person under 18 years of age, and which conduct would be illegal under federal law, in violation of 18 U.S.C. § 2423(b).

On May 19, 2006, the defendant appeared before United States Magistrate Judge William E. Callahan, Jr. for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed three motions: motion to dismiss the indictment (Docket #7); motion to dismiss: unconstitutionality of § 2423(b) (Docket #8); and motion to dismiss indictment: no violation of law (Docket #9). These motions will be addressed herein.

## MOTION TO DISMISS INDICTMENT

Defendant Kalkounos moves this court, pursuant to Fed. R. Crim. P. 7(c)(1) and Amendments V and VI to the United States Constitution, for entry of an order dismissing

Count One of the indictment because the indictment fails to properly allege an essential element of the offense. (Docket #7). The defendant asserts that "the indictment is defective because it incorporates a definition of 'illicit sexual conduct' that requires only that the sexual act with a person under 18 years of age be 'illegal under federal law,' rather than specifically a 'violation of Chapter 109A,' as required under §§ 2423(b) and (f)." (Defendant's Motion to Dismiss Indictment at 2). The defendant maintains that, as a result, the indictment fails to charge an offense because of its erroneous definition of "illicit sexual conduct," thereby permitting a conviction that does not violate the statute. Simply stated, the defendant maintains that the indictment fails to allege an element of the offense. The defendant cites no case law specifically addressing this issue. The defendant further asserts that the indictment fails to allege that he knew that the person with whom he allegedly intended to have sexual activity was under the age of 18.

In opposing the motion, the government asserts that the exclusion of "violation of Chapter 109A" from the indictment is not fatal. Specifically, the government maintains that although the indictment does not specifically include the phrase "violation of Chapter 109A," it sufficiently charges a violation of 18 U.S.C. § 2423(b) because it adequately states the elements of the crime charged, puts the defendant on such notice that he can make an adequate defense and allows the defendant to use the judgment against future prosecution.

Count One of the indictment provides:

THE GRAND JURY CHARGES THAT:

On or about March 26, 2006, in the State and Eastern District of Wisconsin, and elsewhere,

**STELIO G. KALKOUNOS**,

the defendant herein, traveled in interstate commerce from Illinois to Milwaukee, Wisconsin, for the purpose of engaging in any

- 2 -

sexual act, as defined by Title 18, Unites States Code, Section 2246(2), with a person under 18 years of age, and which conduct would be illegal under federal law.

All in violation of Title 18, United States Code, Section 2423(b).

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must state all of the elements of the offense charged, be sufficiently specific to inform the defendant of the charge and enable him to plead double jeopardy in any future prosecution for the same offense. United States v. Glecier, 923 F.2d 496, 499 (7th Cir. 1991). An indictment is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. 87, 117-18 (1974); United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997).

In United States v. Palumbo Bros., Inc., 145 F.3d 850, 860 (7th Cir. 1998), the court of appeals for this circuit summarized the standard for reviewing objections to the sufficiency of an indictment as follows:

> To properly proceed with a prosecution, the government must allege conduct violative of a federal statute. United States v. Sloan, 939 F.2d 499, 501 (7th Cir. 1991). An indictment must include all of the essential elements of the crimes alleged therein, and each basis for conviction must be "clearly set out in the indictment." United States v. Miller, 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); United States v. Susanne Yoon, 128 F.3d 515, 521-22 (7th Cir. 1997). In reviewing the sufficiency of an indictment, a court should consider each "challenged count as a whole and should refrain from reading it in a hypertechnical manner." United States v. McNeese, 901 F.2d 585, 602 (7th Cir. 1990). The indictment must be "read to include facts which are necessarily implied" and "construed according to common sense." United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir. 1993); Yoon, 128 F.3d at 521-22.

In this case, the defendant is charged with violating 18 U.S.C. §2423(b) which provides:

> Any United States citizen or alien admitted for permanent residence who travels in foreign commerce, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

Section 2423 contains a definition section that defines "illicit sexual conduct" as:

> (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age.

18 U.S.C. § 2423(f).

Thus, to establish a violation of this subsection, the government must establish that: (1) the defendant traveled in interstate commerce; and (2) he intended to engage in "illicit sexual conduct," meaning that: (I) the victim was less than eighteen; and (ii) if the defendant completed his actions, a violation of Chapter 109A would have resulted if the action occurred in the special maritime or territorial jurisdiction of the United States. See United States v. DeCarlo, 434 F.3d 447, 456 (6th Cir. 2006).

The indictment in this case does not include the phrase "violation of Chapter 109A." Although not a model indictment, it sufficiently charges a violation of 18 U.S.C. § § 2423(b). An indictment that is in the words of the statute itself is generally sufficient and preferred, however, the indictment need not track the exact language of the statute. United States v. Weatherspoon, 581 F.2d 595, 600 (7th Cir. 1978). It must, however, allege each element of the offense in a form which substantially states it. Id. In other words "while an indictment must allege all of the elements necessary to prove a violation of the statute, 'it is not necessary to spell out each element, [so long as] each element [is] present in context.'"

- 4 -

United States v. Westmoreland, 240 F.3d 618, 633 (7th Cir. 2001) (quoting United States v. Smith, 223 F.3d 554, 571 [7th Cir. 2000]).

The indictment in this case follows the term "illegal under federal law" with an explicit reference to § 2423(b). A violation of Chapter 109A is necessary illegal under federal law. As the indictment alleges the specific section of the United States Code, and the definitional section of the statute, § 2423(f), requires that the sexual act be in violation of Chapter 109A, the defendant is provided notice that the statutory provision involves a violation of Chapter 109A. Therefore, the indictment is sufficient. See Westmoreland, 240 F.3d at 633; United States v. Ramsey, 406 F.3d 426, 430 (7th Cir. 2005).

The indictment provides the defendant with a description of the charges against him so that he can prepare a defense and can plead double jeopardy against a subsequent prosecution. See Glecier, 923 F.2d at 499. As such, the court concludes that the sole count of the indictment is sufficient. Accordingly, this court will recommend that the defendant's motion to dismiss the indictment be denied.

## MOTION TO DISMISS UNCONSTITUTIONALITY OF § 2423(b)

Defendant Kalkounos seeks entry of an order dismissing the indictment on the grounds that, on its face and as applied, the statute violates the defendant's First and Fifth Amendment rights by not requiring the government to prove that the defendant knew, or even believed, the person was a minor. (Docket #8). He asserts that given the severity of the possible penalties for a violation of 18 U.S.C. § 2423(b), the statute "unconstitutionally chills the First and Fifth Amendment and due process of rights of citizens to travel, to associate, and to engage in consenting sexual relationships with other adults." (Defendant's Motion to Dismiss: Unconstitutionality of § 2423[b] at 5). He further maintains that the statute is

- 5 -

unconstitutional because it does not require the government to prove that the defendant knew the person was a minor.

In response, the government asserts that § 2423(b) does not prohibit a citizen's right to travel, to associate and to engage in relationships with adults; rather, the focus of the statute is on the specific purpose for which the defendant traveled. The government further maintains that the section does not chill First Amendment rights because it requires, as an element, that a defendant take affirmative steps to commit the crime by traveling between states with the purpose of engaging in sex with a minor.

The constitutionality of § 2423(b) has been upheld against several constitutional challenges. In United States v. Han, 230 F.3d 560, 563 (2nd Cir. 2000), the court rejected the defendant's argument that § 2423(b) violated the First Amendment. The court found that the statute does not criminalize "mere thought" or mere preparation because it requires the crossing of state lines to commit the sexual act with a juvenile. The court reasoned that crossing state lines could be "sufficient to elevate [the defendant's] thoughts to an intention to commit the charged acts with an underage female. Id.

Similarly, in United States v. Gamache, 156 F.3d 1, 8 (1st Cir. 1998), the court upheld the constitutionality of § 2423(b) as applied against a First Amendment challenge. The court found that the statute punishes acts and not mere abstractions because at least one act must occur, namely, crossing a state line. Discussing the facts before it, the court, then stated: "The appellant did not merely sit in the quiet of his house, contemplate evil thoughts and then flip the channels of his television set and continue blithely with other musings." Id.

In United States v. Tykarsky, 446 F.3d 458, 471 (3rd Cir. 2006), the court rejected the defendant's contention that § 2423(b) punishes the mere act of thinking while traveling. To the contrary, the court emphasized that the travel must be for the purpose of engaging in the

- 6 -

unlawful sexual act. "By requiring that the interstate travel be 'for the purpose of' engaging in illicit sexual activity, Congress has narrowed the scope of the law to exclude mere preparation, thought or fantasy; the statute only applies when the travel is a necessary step in the commission of a crime." Id.; see also, United States v. Bredimus, 352 F.3d 200, 205-08 (5th Cir. 2003) ("The substantive criminal act at issue here is not . . . a sexual act with a juvenile. Instead, Section 2423[b] punishes the travel with the intent to commit such an act itself." [citing Gamache 156 F.3d at 8; Han, 230 F.3d at 563]).

In contending that § 2423(b) unconstitutionally "chills" First Amendment and due process rights, the defendant states that people will be unwilling to engage in protected conduct with other adults because proof of the defendant's knowledge of age is not required. The defendant's contentions are without merit.

Section 2423(b) prohibits travel in interstate or foreign commerce with the intent to engage in an illicit act, i.e., a sexual act with a juvenile. There is nothing in the statute to suggest that it attempts to limit or regulate the content of speech. Rather, the defendant's intent, coupled with travel across state lines with the intent to commit a sexual act with a juvenile, is the basis of a § 2423(b) offense. United States v. Vang, 128 F.3d 1065, 1069 (7th Cir. 1997); Bredimus, 352 F.3d at 208; United States v. Root, 296 F.3d 1222, 1231 (11th Cir. 2002); Gamache, 156 F.3d at 8; United States v. Cote, 2005 U.S. Dist. LEXIS 11725 (N.D. Ill. 2005).

The defendant also argues that because the person he was to meet was an adult woman, not a minor, he did not violate § 2423(b). The defendant cites United States v. X-Citement Video, Inc., 513 U.S. 64 (1994), among other cases. The statute at issue in X-Citement Video was the Protection of Children Against Sexual Exploitation Act of 1977, as amended, 18 U.S.C. § 2252, which prohibits the interstate transportation, shipping, receipt,

distribution or reproduction of visual depictions of minors engaged in sexually explicit conduct. The Court held that the Act is properly read to conclude that the term "knowingly" in § 2252 extends both to the sexually explicit nature of the material and to the age of the performers, i.e., one of the performers was a minor. Id. at 78.

The statute at issue in this case does not involve visual depictions of minors engaged in sexually explicit conduct. Rather, its focus is on a defendant's intent to engage in an illicit sexual act with a minor. Section 2423(b) prohibits and punishes travel undertaken with the intent to commit a sexual act with a minor. It does not contain a specific scienter requirement. Therefore, X-Citement Video is clearly distinguishable.

Moore v. Maryland, 388 Md. 623, 882 A.2d 256 (Ct. App. Md. 2005), cited by the defendant, is also distinguishable. In Moore, the Missouri child pornography statute at issue prohibited a person from using a computer to "knowingly" transmit or receive specified information about a minor for the purpose of engaging in sexual conduct with a minor. Id. at 624 n.1.

In United States v. Hicks, 2005 WL 2090785 (W.D. Mo. 2005), also cited by the defendant, the court concluded, in cursory fashion, that "a plain reading" of § 2423(b) requires that the travel must be to engage in a sexual act with a person under 18 years of age, not an adult law enforcement officer. Several other courts of appeal that have addressed the issue have reached a contrary conclusion. The court finds their analysis and conclusions more persuasive.

In Tykarsky, 446 F.3d at 465, the defendant asserted that any sexual activity between him and the undercover agent posing as a minor would not be criminal. In rejecting the defendant's argument, the court stated that, by its unambiguous terms, § 2423(b) criminalizes interstate travel for an illicit purpose. "The actual age of the intended victim is not an element

- 8 -

of the offense; criminal liability 'turns simply on the purpose for which the defendant traveled.'" Id. at 466 (quoting United States v. Root, 296 F.3d 1222, 1231 [11th Cir. 2002]). "It 'make[s] no difference that an actual minor was not involved.'" Id.

In United States v. Vail, 101 Fed. Appx. 190 (9th Cir. 2004), the court upheld the defendant's conviction for violating § 2423(b) even though the person he believed to be a minor in fact was an adult undercover agent. In United States v. Han, 66 F.Supp.2d 362, 366 (N.D. N.Y. 1999), aff'd. 230 F.3d 560 (2nd Cir. 2000), the court stated: "To fall within the purview of section 2423(b), . . . it is not required that the intended victim actually be a minor." The court explained that the fact that the defendant was unable to complete the offense "because the victim [was] fictitious is not the determining factor." Id. at 266 (quoting United States v. Butler, 92 F.3d 960, 963 [9th Cir. 1996]).

Other courts who have addressed the issue with respect to § 2422(b) have reached a similar conclusion. See United States v. Meek, 366 F.3d 705, 720 (9th Cir. 2004); Root, 296 F.3d at 1227 (belief that a minor was involved is sufficient to sustain an attempt conviction under 18 U.S.C. § 2422[b]); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000). Thus, the court concludes that it is not necessary that an actual minor was involved. Therefore, contrary to the defendant's contention, the indictment is not overbroad.

The court also notes that courts have also held that the statute does not burden any rights under the Travel Clause because the right to cross state lines does not imply a right to cross state lines to engage in illegal activity. See United States v. Brockdorff, 922 F. Supp. 22, 25 (D.D.C, 1997) (citing Hoke v. United States, 227 U.S. 308 [1913]). Accordingly, this court will recommend that the defendant's motion to dismiss: unconstitutionality of § 2423(b) be denied.

**MOTION TO DISMISS INDICTMENT: NO VIOLATION OF LAW**

The defendant seeks an order dismissing Count One of the indictment because, under the government's version of the facts, the defendant's purpose in traveling to Wisconsin was to meet an adult woman rather than an actual minor, and therefore, he did not violate 18 U.S.C. § 2423(b) as alleged in the indictment. (Docket #9). He asserts that the facts are undisputed in this case and that the court may grant a pretrial motion to dismiss the indictment where even a facially sufficient indictment cannot support a conviction on the undisputed facts. The defendant cites Fed. R. Crim. P. 12(d) and United States v. Risk, 843 F.2d at 1059, 1061 (7th Cir. 1988).

The government opposes the motion. The government maintains that the defendant is essentially arguing that § 2423(b) cannot provide a basis for criminal conviction in a case where an actual minor is not present. The government asserts that, although the court of appeals for this circuit has not yet determined whether a violation of § 2423 requires that a defendant have knowledge that the person with whom he intended to engage in sexual activity was actually under the age of 18, other federal courts of appeals have rejected this contention. Rather, these courts have held that an actual victim is not required for a prosecution.

An indictment ordinarily is tested solely on its sufficiency to charge an offense, regardless of the strength or weakness of the government's evidence. United States v. Sampson, 371 U.S. 75, 78-79 (1962); Risk, 843 F.2d at 1061. In Risk, cited by the defendant, the district court dismissed the indictment because the court found the allegations in the indictment insufficient to state a claim under the currency transaction reporting statute. 843 F.2d at 1061. The district court found that the government's own facts did not constitute a violation of any statute. As the appellate court explained, the district court dismissed the

- 10 -

indictment, "not because the government could not prove its case, but because there was no case to prove." Id.

Here, the defendant's argument focuses on the fact that the person he was to meet was actually an adult, not a minor. As this court has concluded in addressing the defendant's motion to dismiss based on the alleged unconstitutionality of § 2423(b), the statute does not require that the intended victim actually be a minor. Rather, § 2423(b) criminalizes interstate travel for an illicit purpose. Thus criminal liability is based on the purpose for which a defendant traveled. See Tykarsky, 446 F.3d at 465; Han, 230 F.3d at 563; Bredimus, 352 F.3d at 208; Root, 296 F.3d at 1227; Meek, 366 F.3d at 720.

United States v. Kraase, 484 F.2d 549 (7th Cir. 1973), cited by the defendant, is not analogous to the instant case. The statute in that case, 18 U.S.C. § 922(a)(5), prohibits any person, other than a licensed importer, manufacturer, dealer, or collector, to sell any firearm to any person other than a licensed importer, manufacturer, dealer, or collector "who the transferor knows or has reasonable cause to believe resides in . . . the state other than that is which the transferor resides." 18 U.S.C. § 922(a)(5). In Kraase, the defendant was convicted of selling a .25 caliber automatic pistol to a government agent.

In overturning the conviction, the appeals court concluded that the statutory language of § 922(a)(5) was ambiguous and that construing the statute as punishing an unlicensed firearms sale regardless of the actual residence of the purchaser "dramatically intrudes upon traditional state criminal jurisdiction." Id. (quoting United States v. Bass, 404 U.S. 336, 350 [1971]). The court also pointed out that the predecessor statute to § 922(a)(5) clearly provided that it was unlawful to sell such firearm "to any person . . . who resides in any state other than that in which the transferor resides." 484 F.2d at 551.

The focus of the statute at issue in this case is on the defendant's intent to engage in an unlawful sexual act with a juvenile, coupled with travel across state lines to commit such offense. Vang, 128 F.3d at 1069; Bredimus, 352 F.3d at 208; Root, 296 F.3d at 1231. Therefore, this court concludes that § 2423(b) does not require that an intended victim actually be a minor.

In sum, the court concludes that the indictment is sufficient. Accordingly, this court will recommend that the defendant's motion to dismiss the indictment: no violation of law be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Kalkounos' motion to dismiss the indictment. (Docket #7).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant Kalkounos' motion to dismiss: unconstitutionality of § 2423(b). (Docket #8).

**IT IS ALSO RECOMMENDED** that the United States district judge enter an order **denying** defendant Kalkounos' motion to dismiss indictment: no violation of law. (Docket #9).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case.

Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge