UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 06-cr-102-pp

STELIO KALKOUNOS,

        Defendant.

**ORDER GRANTING THE DEFENDANT'S MOTION TO SEAL DOCUMENT (DKT. NO. 56) AND DENYING WITHOUT PREJUDICE THE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 55)**

## I.    Introduction

On August 3, 2006, the defendant entered a guilty plea to Count One, traveling in interstate commerce for the purpose of engaging in a sexual act with a person under the age of eighteen, in violation of 18 U.S.C. §2423(b). Dkt. Nos. 21 at 2; 23. On November 3, 2006, Judge Charles N. Clevert, Jr. sentenced the defendant to serve forty-six months of imprisonment, followed by ten years of supervised release. Dkt. No. 34. Judge Clevert emphasized the need for the defendant to receive treatment, and stated that one of the reasons he was imposing such a long term of supervised release was so that he could retain the option "to reduce supervision if there are benchmarks which indicate that [the defendant] can continue to live a pro-social life . . . ." Dkt. No. 55 at

15. The defendant's supervision started on May 4, 2010, and is scheduled to terminate on May 3, 2020. Dkt. No. 58 at 1.

The defendant has served more than seven and a half years (over 75% of his total term) of supervised release. He has filed a motion under 18 U.S.C. §3583(3)(1), asking the court to terminate his supervision early. Dkt. No. 55. The government does not oppose the request. Dkt. No. 55.

II.     **Defendant's Motion to Seal Document (Dkt. No. 56)**

On December 8, 2017, the defendant filed a motion to seal portions of his motion for early termination of supervised release, including footnote two on page five; the majority of paragraph nine on page six; and the appendix of supporting materials. Dkt. No. 56. The defendant cites General Local Rule 79, which requires proof of good cause for withholding material from the public record. Gen. L.R. 79(d)(4)(E.D. Wis.). According to the defendant, these portions of the motion include private details concerning his medical treatment while on supervision.

Although no one has opposed the defendant's motion to seal, the court still must be satisfied that good cause exists to overcome the strong presumption of public access in criminal proceedings. See Gen. L. R. 79(d)(4)(E.D. Wis.). Footnote two on page five references information contained in probation supervision records, and the records themselves typically would be under seal. Crim. L.R. 32(a)(1)(E.D. Wis.). Paragraph nine on page six discusses the defendant's medical treatment and records—personal information that courts routinely seal from public view. In addition, the

appendix contains references to past and current treatment. Dkt. Nos. 55-1 at 14. The court will grant the motion.

### III. Defendant's Motion for Early Termination of Supervised Release (Dkt. No. 55)

#### A. Standard Governing Early Termination of Supervised Release

A district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice warrant the court doing so. 18 U.S.C. §3583(e)(1). The Seventh Circuit does not require a court to make explicit findings as to each of the §3553(a) factors, but the record must show that the court considered the factors. United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011). A court considering an early termination request looks at factors such as whether the defendant has a stable residence and stable employment and whether he has complied with the conditions of his supervision. The court also must look at the factors outlined in §3553(a): the nature and circumstances of the offense, the need to afford deterrence, the need to protect the public, the need to promote respect for the law and to provide just punishment and the need to provide the defendant with correctional treatment. A defendant who seeks early termination must show "more than simply following the rules of supervision." United States v. O'Hara, Case No. 00-cr-170, 2011 WL 4356322 at *3 (E.D. Wis., Sept. 16, 2011). Courts generally grant such motions only "in cases involving new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good." Id. (listing cases). The defendant carries

the burden of proving that he has done more than just follow the rules. O'Hara, 2011 WL 4356322, at *3 (citing United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2011)).

B.  Defendant's Motion for Early Termination

There is no question that the defendant's offense was a serious one; he does not contest that. He argues, however, that his crime was an isolated act. Dkt. No. 55 at 2. He had no criminal record prior to his offense, and has had no criminal arrests or convictions in the seven years and nine months since his release. Id. With regard to specific deterrence, the defendant argues that he is a low risk for reoffending. He is now forty-four years old (he was thirty-three at the time of the offense), has a large and supportive network of family and friends, is well-educated, has been continuously employed while on release, took advantage of programming while in prison and has participated in treatment since being out of prison. He is on minimal supervision. Id. at 5. He has no drug or alcohol treatment needs. Id. at 3. He does not owe restitution or other court-ordered financial obligations. Id. at 8. There appears to be no question that he has complied with the conditions of release for almost eight years. And regarding just punishment, he served his full prison term and has served over three-quarters of his long supervised release term.

As discussed above, however, simple compliance, standing alone, is not sufficient to warrant early termination. The defendant notes this, and argues that he has gone beyond simple compliance. He describes his work organizing fundraisers for St. Ben's, the Milwaukee Homeless Veterans Initiative, and the

4

Sojourner Truth Family Peace Center. Id. at 4. He talks about his involvement in community activities, such as his election to the board of the Avenues West Association, and his sponsorship of "National Thank a Police Officer" Day. Id.

In terms of new or unforeseen circumstances, the defendant points the court to his business situation. The defendant is part of his family's restaurant business. He worked his way up from dishwasher as a young person, and after his release from prison, first managed Chicago Prime in Schaumburg, Illinois, then became a managing partner at the Five O'Clock Steakhouse in Milwaukee. Id. at 3. He says that his parents are getting older, and would like to retire from the restaurant business. He says that the "plan" is for him to buy out his parents' stake in the restaurant, and become the full owner. He explains, however, that he has applied for loans from three different banks to finance the buyout, but that each has told him that "the nature of his conviction and the fact that he is still on active supervision" prevent him from obtaining the money he needs. Id. at 3-4. He also indicates that he has "been turned down for life insurance coverage for the same reasons." Id. at 4.

The court applauds the defendant for his compliance and continued efforts to give back to the community through volunteering and fundraising. These activities, while likely benefitting the defendant from a marketing perspective, also demonstrate that he has tried to do more than just comply with his release conditions. The court needs more information, however, in order to determine whether the defendant's "new or unforeseen circumstance"—his desire to get a loan to buy out his parents' share in the

business—is a sufficient basis for taking the relatively unusual step of terminating his supervised release early. The defendant indicates that the banks, and life insurer(s?), told him that they were turning down his requests for loans and insurance because of "the nature of his conviction and the fact that he is still on active supervision." If the defendant was turned down for loans and insurance because of the nature of his conviction, early termination of supervised release will not remedy that situation. The court needs more information about whether early termination will resolve the defendant's issues with obtaining loans and insurance in order to determine whether early termination is warranted. The court will deny the defendant's motion without prejudice; he may renew it if he has further information to provide the court.

**IV. Conclusion**

The court **GRANTS** the defendant's motion to seal documents. Dkt. No. 56. The court **ORDERS** that the redacted motion shall remain available to the public at dkt. no. 55, and the unredacted version of the motion shall remain under seal.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for early termination of supervised release. Dkt. No. 55.

Dated in Milwaukee, Wisconsin this 21st day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**