UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STELIO KALKOUNOS,

    Defendant.

Case No. 06-cr-102-pp

**ORDER GRANTING RENEWED MOTION TO TERMINATE DEFENDANT'S TERM OF SUPERVISED RELEASE (DKT. NO. 60)**

On May 2, 2006—almost twelve years ago—a grand jury indicted the defendant on one count of traveling in interstate commerce to engage in a sexual act with a person under the age of eighteen. Dkt. No. 1. On August 3, 2006, the defendant entered a guilty plea to that charge; Judge Charles N. Clevert, Jr. accepted the plea. Dkt. No. 23. On November 3, 2006, Judge Clevert sentenced the defendant to serve forty-six months in custody, followed by a term of ten years of supervised release. Dkt. Nos. 31, 34. The defendant began his term of supervision on May 4, 2010, dkt. no. 55 at 2; he now has served seven years and ten months—just shy of eight years—of that ten-year supervised release term.

At the sentencing hearing, Judge Clevert stated that he was imposing an "extended" term of supervised release "so that the Court retains the option to reduce supervision if there are benchmarks which indicate that [the defendant] can continue to live a pro-social life without inappropriate contact with

children." Dkt. No. 55-1 at 15. Judge Clevert since has retired. The case has been reassigned to this court, and the defendant now asks this court to exercise the option to which Judge Clevert referred, and "reduce" the ten-year term of supervision by terminating the defendant's supervised release early. Based on the information the defendant provided in his renewed motion, the court will grant his request.

The defendant filed his original motion for early termination of release on December 8, 2017. Dkt. No. 55. The government did not oppose that motion (despite the fact that the government had urged the court to impose an extended supervision term at sentencing). That motion explained that the defendant had no conduct reports while serving his time in prison. Id. at 2. Since being released in May 2010, he had committed no crimes, id., and had committed no violations of the conditions of his supervised release, id. at 5. The motion indicates that the defendant has no supervisory treatment needs—he has not consumed alcohol in seven years, and had no other substance abuse issues; he has no educational needs (having a high school degree and some years of college); he has productive, full-time employment (managing the family's steak house); and has obtained treatment for the issue which gave rise to the offense. Id. at 3-4, 6. He does not owe any financial obligations. Id. at 8. He has been involved in the community, and with charitable work. Id. at 5-6.

Despite all of these positives (and they are positives), the court denied the defendant's original motion for early termination. Dkt. No. 59. As the court explained, it takes more than following the rules of supervision to obtain early

termination of supervised release. Id. at 3. "Were it otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have typically granted early termination only in cases with new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good." United States v. Washington, Case No. 01-cr-191, 2009 WL 482779 at *1 (E.D. Wis. Feb. 25, 2009).

The defendant had indicated a "new or unforeseen" circumstance in his original motion. He'd told the court that his family's plan was for him to buy out his parents' interest in the restaurant, but that he couldn't get a loan to do so because he was on release. The court denied the motion without prejudice, because it needed more information about that circumstance.

The defendant since has filed this renewed motion, and has supplied the court with the information it requested. Dkt. No. 60. The renewed motion explains that many lenders adhere to a Small Business Administration rule that prohibits lending money to a person currently on parole or probation. Id. at 2-3. The motion is accompanied by a letter from the president of the Milwaukee Economic Development Corporation, verifying that the MEDC could not provide the defendant with the loan he sought because conventional lenders such as Tri City National Bank and Byline Bank would not agree to partner such a loan. The reason the president gave was that the defendant remained on supervision. Dkt. No. 60-1.

The court finds that the defendant has demonstrated, with this information, that he faces a "new" circumstance—a need, due to his parents'

age, to buy out their interest in the business, coupled with an inability to get a loan (despite good credit) because he is on supervised release. The defendant also has demonstrated that remaining on supervised release constitutes a burden.

Finally, the court concludes that the 18 U.S.C. §3553(a) factors warrant early termination. Regarding the nature and circumstances of the offense: while the defendant's crime was serious, the court understands that no sexual activity took place. The defendant accepted responsibility for the offense by pleading guilty, and has obtained treatment. With regard to the history and characteristics of the defendant, he has no prior criminal history, and no criminal activity since conviction for the underlying offense; he has remained gainfully employed since his release; he has not committed any violations of supervised release, and has contributed to the community. The sentence he already has served—four years in prison and almost eight years on supervised release—has demonstrated the seriousness of the offense, promoted respect for the law and provided just punishment. The defendant's behavior since release indicates that further supervision is not necessary to deter him from committing new crimes, or to protect the public. The defendant does not need educational, vocational, or medical care from supervision. The defendant owes no financial obligations (such as restitution). The court does not believe that early termination after nearly eight years will create an unwarranted sentencing disparity among defendants with similar records who have been convicted of similar conduct.

Finally, as with the original motion for early termination, the government does not oppose the motion.

For all of these reasons, the court **GRANTS** the defendant's renewed motion for early termination of supervised release. Dkt. No. 60. The court **ORDERS** that the defendant's term of supervised release is **TERMINATED**, effective as of the date of this order.

Dated in Milwaukee, Wisconsin this 20th day of March, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**